NEWELL v. PERKINS.

SIMMONS v. SAME.

LOCKRIDGE v. SAME.

**Appeal:**   WHEN TO BE TAKEN: HIGHWAY.   An appeal cannot be taken from an order of the county auditor in relation to the establishment or vacation of a county road.

*Appeal from  Warren  Circuit  Court.*

WEDNESDAY, SEPTEMBER 23.

THE plaintiffs appealed to the Circuit Court from an assessment of damages in the establishment of a county road.   In that court the appeals were, on motion of defendant, dismissed. The plaintiffs appeal to this court.

*Calvin Butler* and *Bryan & Seevers*, for appellant.

*Harrison McNeil*, for appellee.

MILLER, CH. J —The record shows that on the 8th day of March, 1873, Ed. Perkins and others filed with the auditor of Warren county a petition for the establishment of a certain county road.   Proper notice was given, bond filed and commissioner appointed, who, on the 29th day of March, 1873, filed his report with the auditor recommending the establishment of the proposed road, at which time the auditor fixed the 7th day of June, 1873, for the final hearing of the case.

On the 2d day of April, 1873, the appellants filed their respective claims for damages. Appraisers were appointed, and made their report before the day for final hearing. On the day of final hearing, which had been postponed until June 13th, 1873, the plaintiffs and ninety-seven others remonstrated against the establishment of the proposed road. The road, however, was ordered established by the auditor on a hearing before him.

On the 15th day of June, 1873, the plaintiffs appealed from the assessment of damages, filed with and approved by the County Auditor.

The action of the Auditor came up before the Board of Supervisors, at their regular meeting in September, 1873, at which time the said action was approved.

The only question for decision is whether an appeal may be taken from the order of the County Auditor in relation to the assessment of damages upon the establishing of a county road, before action thereon by the Board of Supervisors.

By the Code of 1851, the county court had jurisdiction in relation to the establishment and vacation of county roads; Sec. 129; and from the county court an appeal could be taken to the District Court, Sec. 131.

This jurisdiction was transferred to the Board of Supervisors by the act of the General Assembly of March 22, 1860; Art. 2, p. 48, Revision; and under the act conforming existing laws to the change made in the system of county government and organization, Art. 13, Chap. 22, Revision, an appeal lies from orders of the Board of Supervisors in relation to the assessment of damages caused by the establishment of county roads. *Umbarger v. Bean*, 15 Iowa, 256; *Garber v. Clayton County*, 19 Id., 29.

It is claimed by appellants that now, by section 2, chapter 160, Laws of the Twelfth General Assembly, an appeal also lies from the orders of the county auditor in relation to road matters. That section is as follows:

" The auditor shall have power to exercise all the duties now performed by the clerk of the Board of Supervisors in relation to the establishment, alteration, and vacation of roads

within his county, and for that purpose shall have power and jurisdiction to receive petitions, issue notices, appoint commissions, and hear and determine all matters in relation to the vacation, establishment, or alteration of roads, and to make all orders relating to the same, subject, however, in all cases, to final review and approval by the Board of Supervisors."

It is argued that, since the power is here conferred upon the auditor to make all orders in relation to road matters, therefore an appeal lies from such orders. It is a sufficient answer that by the very terms of this provision of the statute the orders of the auditor are not final, but in all cases subject to final review and approval by the Board of Supervisors. There is no express provision of law giving an appeal from the orders of the auditor, nor can a right to an appeal arise from implication, for the statute expressly provides for a review of such orders by the Board of Supervisors.

Since the appeal could not be taken until after the final action of the Board of Supervisors, there was no error in their dismissal.

AFFIRMED.